#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DOUGLAS HILL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 04-055-MJR |
| | ) |
| **DONALD SNYDER, LINDA DILLON,** | ) |
| **KIM BIGLEY, ANGELA WINSOR and** | ) |
| **DIETARY MANAGER CHEEKS,** | ) |
| | ) |
| **Defendants.** | ) |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently an inmate in the Big Muddy River Correctional Center, brings this action for deprivations of his rights pursuant to 42 U.S.C. § 1983 and RFRA, 42 U.S.C. § 2000bb. With his amended complaint, Plaintiff filed a second motion for leave to proceed *in forma pauperis*, but such a request has already been granted; therefore, the instant motion (Doc. 21) is **MOOT**.

Plaintiff also filed a motion for appointment of counsel (Doc. 20). When deciding whether to appoint counsel, the Court must first determine if a *pro se* litigant has made reasonable efforts to secure counsel before resorting to the courts. *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). Plaintiff makes no showing that he has attempted to retain counsel. Therefore, the Court finds that appointment of counsel is not warranted at this time, and the motion for appointment of counsel is **DENIED**.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a

>prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>>(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>>(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the amended complaint (Doc. 19) and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and thus subject to summary dismissal.

In this action, Plaintiff states that he is an adherent of the African Hebrew Israelite faith. One of the tenets of this faith is to refrain from eating meat or any animal byproducts, thus qualifying him to receive a vegan meal. He alleges that Defendants have suspended his access to these meals for perceived violation of his tenets. While he was denied those meals, Defendants attempted to feed him in violation of his tenet. He also states that the canned fruits and vegetables contain artificial preservatives, which violate the tenets of his religion. He alleges that he is prohibited from giving away or trading items from his food tray with other inmates, a rule he claims is highly prejudicial. Finally, he claims to have filed a grievance over these matters (to which he did not receive any response), and that he was transferred in retaliation for that grievance. He also alleges, generically, that the grievance process is a scam, in that everyone who was mentioned in his grievances remains unpunished.

Specific allegations against individuals are as follows: he complains that Snyder and Dillon allow prison administrators to require written verification of an inmate's religious affiliation and the tenets of that faith, and such verification must come from an outside religious leader or faith

representative, and that Winsor has consistently refused his requests for vegan meals. He complains that Cheek and Winsor do not provide a sufficient variety in the meals; he also claims that Bigley, Winsor and Dillon will not allow him additional time to consume his meals. Finally, he claims that Cheek threatened him with segregation if he continued to complain about his diet.

### RELIGIOUS DIET

The law is clear that a prisoner retains his or her First Amendment right to practice his religion, subject to prison regulations that do not discriminate between religions and are reasonably related to legitimate penological objectives. *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 349 (1987); *Turner v. Safley,* 482 U.S. 78, 89 (1987); *Sasnett v. Litscher,* 197 F.3d 290, 292 (7th Cir. 1999). It is also well-settled that observance of religiously mandated dietary restrictions is a form of religious practice protected by the First Amendment. *Hunafa v. Murphy,* 907 F.2d 46, 47 (7th Cir. 1990)(citing cases). However, an inmate's free exercise right does not "depend upon his ability to pursue each and every aspect of the practice of his religion." *Canedy v. Boardman,* 91 F.3d 30, 33 (7th Cir. 1996). Further, a regulation that infringes an inmate's free exercise of religion will nonetheless survive constitutional challenge if prison administrators can establish that the regulation is a rational means of furthering a legitimate penological interest. *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 351-52 (1987); *Turner v. Safley,* 482 U.S. 78, 89 (1987); *Tarpley v. Allen County, Ind.,* 312 F.3d 895, 898 (7th Cir. 2002).

Applying these standards to the allegations in the complaint, the Court is unable to dismiss the First Amendment claims against Snyder, Dillon and Winsor regarding the provision of vegan meals, the contents of the food he is given, the discontinuance of his vegan meals, and the requirement that he provide written verification of his religious affiliation from an outside clergy member.

Conversely, the First Amendment does not entitle Plaintiff to a smorgasbord of variety in his meals, it does not require that he be allowed to trade food items with other inmates, nor does it entitle him to extra time to eat. Therefore, these claims are dismissed from this action with prejudice.

In addition, Plaintiff's RFRA claims are without merit; the Supreme Court has held that RFRA is unconstitutional as applied to state and local governments. *City of Boerne v. Flores*, 521 U.S. 507 (1997). Accordingly, the RFRA claims are dismissed from this action with prejudice.

Finally, the claim regarding time is the only claim made against Bigley; accordingly, he is dismissed from this action with prejudice. Plaintiff also mentions Bensko and McCann in connection with this claim. Neither of these individuals is named as a defendant in the complaint; therefore, the Court does not consider either one to be a party in this action.

## **RETALIATION**

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

Although this standard requires little, Plaintiff has not presented sufficient allegations to proceed on this claim. He merely states that he "filed another grievance and was transferred shortly after that time, in retaliation for filing the grievance." He provides no details regarding the date that grievance was filed, the specific allegations made in the grievance, what individuals were mentioned in the grievance, or to whom it was directed. The Court has searched through the voluminous

exhibits attached to the original complaint (Doc. 1), but each of those exhibits pertains only to former co-plaintiff Octavius Jordan.  Further, Plaintiff includes no information regarding the date of the transfer, the location of the transfer, or the identify of the person or persons who made that decision.  Therefore, Plaintiff has failed to state a claim upon which relief may be granted, and his claim of retaliatory transfer is dismissed from this action with prejudice.

The only other potential retaliation claim is against Cheek, who allegedly threatened him with disciplinary action if he continued to file grievances over his religious diet.  Plaintiff makes no allegation that Cheek actually followed through on that threat, and nothing in the complaint indicates that Cheek ever wrote a disciplinary ticket against him that led to any sort of sanction.  Therefore, this tenuous claim against Cheek is also dismissed.  It follows that Cheek is dismissed from this action with prejudice, as no other claims are pending against Cheek.

### GRIEVANCE PROCEDURE

Plaintiff's final claim is his dissatisfaction with the grievance process, as he has not seen any disciplinary action taken against any individual mentioned in any of his grievances.  "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause," *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995), and Plaintiff has no protected liberty interest in receiving the specific relief requested in his grievances.  Therefore, this claim is also dismissed from this action with prejudice.

### DISPOSITION

**IT IS HEREBY ORDERED** that Plaintiff's claims regarding retaliation and the grievance procedures are **DISMISSED** from this action with prejudice, as are his claims regarding variety of food, time allowed to eat, inability to trade food with other inmates, and all claims under RFRA.

**IT IS FURTHER ORDERED** that Defendants **BIGLEY** and **CHEEK** are **DISMISSED**

from this action with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall complete and submit a USM-285 form for Defendants **DILLON, SNYDER** and **WINSOR** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order.  The Clerk is **DIRECTED** to send Plaintiff **THREE (3)** USM-285 forms with Plaintiff's copy of this Memorandum and Order.  **<u>Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.</u>**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **DILLON, SNYDER** and **WINSOR**.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **DILLON, SNYDER** and **WINSOR** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the

court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED this 25th day of July, 2006.**

>**s/ Michael J. Reagan**
>**MICHAEL J. REAGAN**
>**United States District Judge**