IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DOUGLAS HILL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. **04-055 - MJR** |
| | ) | |
| **DONALD N. SNYDER,** | ) | |
| **LINDA DILLON,** | ) | |
| **and ANGELA WINSOR ,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the court is a letter from plaintiff which the court construes as a Motion to Strike Plaintiff's Deposition. **(Doc. 31)**. Defendants have filed a response. **(Doc. 35)**.

The court granted defendants leave to depose plaintiff on August 25, 2006. **See, Doc. 25.** According to the motion, on November 22, 2006, defendants' attorney appeared with a court reporter at Big Muddy River Correctional Center to take plaintiff's deposition. Plaintiff states that he did not want to give his deposition for various reasons, such as he didn't know who they were, he doesn't have an attorney, the prison law library has been closed for two months, and the information pertaining to the case was locked up in the library. Plaintiff says that he submitted to questioning only after being threatened by a correctional officer. Plaintiff now asks that the deposition be "thrown out" and retaken after he has had access to the law library.

Defendants have attached to their response a portion of the deposition transcript. The transcript reveals that plaintiff protested answering questions because all of his information relating to his case, including notes he had made to document events as they occurred, were

locked up in the library and he had no access to them.  Defendants' attorney explained to Plaintiff that he did not need to cite any legal cases during his deposition, that the questions would be about the facts underlying his claim, and that he could answer that he did not remember if that were the case.  After some discussion, Plaintiff agreed to be deposed.  See, Exhibit A attached to Doc. 35.

Plaintiff states in his motion that the attorney told him that he would be sanctioned if he refused to participate and that "this information came from the court and her boss."  The transcript reflects that this is inaccurate.  In fact, the attorney said that she was going to call the court and left the room.  When she returned, she said that she had spoken with her "supervisors," who told her to go ahead with the questioning, that he could answer that he did not remember if that were the case, and that if he chose not to participate, she would be filing a motion for sanctions when she got back to the office.  **Exhibit A, pp. 9-10.**

Plaintiff also states that he was "intimidated" by a prison employee.  He gives no further information about this and does not allege that this "intimidation" had any material impact on the manner in which he answered questions.

Defendants have a right to depose plaintiff, and the court granted them leave to do so.  Plaintiff has not suggested any persuasive reason why his deposition should not have been taken on the day in question.  The fact that he did not have access to his legal materials is not a reason to strike his deposition.  If Plaintiff made factual errors in his answers, he can explain such errors at trial, or seek to correct them by affidavit in response to a motion for summary judgment, if one is filed.

Upon consideration and for good cause shown, plaintiff's Motion to Strike Plaintiff's

Deposition **(Doc. 31)** is **DENIED**.

    **IT IS SO ORDERED.**

    **DATE:  December 13, 2006.**

                                       **s/ Clifford J. Proud**
                                       **CLIFFORD J. PROUD**
                                       **UNITED STATES MAGISTRATE JUDGE**