**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DOUGLAS HILL, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CIVIL NO. 04-055-MJR** |
| | ) | |
| DONALD SNYDER, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

This action is before the Court to rule on Plaintiff's motion to reconsider and for leave to amend his complaint (Doc. 34).

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992).  As noted in *Deutsch*, "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated.  Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'"  *Id.* (citations omitted).

The order in question (Doc. 22) was entered in this action on July 25, 2006, but the instant motion was not filed until December 5, 2006, well after the 10-day period expired.  *See* FED.R.CIV.P.

59(e).  Therefore, as a Rule 59(e) motion, the motion is time-barred.  Under *Deutsch*, the Court will thus construe the motion as filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect."  FED.R.CIV.P. 60(b)(1).  However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal.  *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

In this motion, Plaintiff states that the Court erred in dismissing some of his claims.  However, this assertion does not suggest any sort of clerical or administrative error, and thus cannot be remedied under Rule 60(b).  Accordingly, the motion for reconsideration is **DENIED**.

Plaintiff also argues that he should be allowed to amend his complaint to correct deficiencies in the original complaint, as permitted by Rule 15(a) of the Federal Rules of Civil Procedure.  He is correct that Rule 15 requires that leave to amend a pleading "shall be given whenever justice so requires."  However, in this District,

> [t]he original of a proposed amendment to a pleading or amended pleading itself should accompany the motion to amend so that it may be filed *instanter* if the motion is granted.  All new material shall be underlined.  It is sufficient to simply underline the names of new parties the first place they appear in amended pleadings.  Similarly, when new claims or defenses are raised by amendment, it is sufficient

that the number of the designated count or paragraphs identifying the amendments be underlined.

Local Rule 15.1; *see* FED.R.CIV.P. 15.

Plaintiff has not submitted a copy of his proposed amended complaint with this motion; therefore, his motion for leave to amend his complaint is **DENIED** without prejudice.

**IT IS SO ORDERED.**

**DATED this 28th day of February, 2007.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**